Derbigny, J.
delivered the opinion of the court. The plaintiff was surety of James Cannon, for the price of two lots of ground, in the town of Alexandria bought by Cannon from Lloyd Day. Before that price was paid, Cannon transferred all his rights on the said lots to Benjamin Kitchen, the present defendant, on Kitchen’s answering to pay' to Lloyd Day’s estate the price due for them. Kitchen did not pay, and the representative of Lloyd Day’s estate having brought suit against Cannon and Curtis his surety, and obtained judgment against them for principal and interests, Curtis satisfied that judment, and now demands of Kitchen, the purchaser of the lots, reimbursment of that sum.
Curtis grounds his claim on a subrogation to Lloyd Day’s rights, executed in his favour by Edward A. Day, calling himself one of the heirs of Lloyd Day and the attorney in fact of the other heirs. The quality of Edward A. Day is now contested, though it does not appear to have been questioned in the court below. But, whether the express subrogation, by Edward A. Day, be or be not sufficiently proved, we think immaterial to enquire into; *707 being of opinion that a subrogation by law has taken place in this case, agreeably to the statute, Civil Code 290, art. 151, which establishes it in favour of those “who being bound with others, or for others, for the payment of a debt, had an interest in discharging it.”
Johnson, for the plaintiff, Baldwin, for the defendant.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.